THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CECILE A. BROWN, | CASE NO. C21-0287-JCC |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This matter comes before the Court *sua sponte*. Plaintiff was granted leave to proceed *in forma pauperis* on March 15, 2021. (Dkt. No. 5.) The Court must dismiss an *in forma pauperis* complaint if it fails to state a claim upon which relief may be granted or if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). To state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Dismissal can [also] be based on the lack of a cognizable legal theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When evaluating whether a complaint is frivolous, the Court has "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Although the Court reviews *pro se* complaints liberally, they "nonetheless must meet some minimum threshold." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). "[A] liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Before turning to the merits of Ms. Brown's claim, the Court notes that she has filed her lawsuit in the wrong court. This Court is the United States District Court for the Western District of Washington. It is located in Washington state, not Washington, D.C. Ms. Brown does not reside in this district, nor do any of the defendants. (*See* Dkt. No. 1 at 1–2.) Further, none of the events or omissions giving rise to Ms. Brown's claim occurred here. (*See generally* Dkt. No. 1.) Therefore, venue in the Western District of Washington is not proper. *See* 28 U.S.C. § 1391(e)(1).

Turning to the merits, Ms. Brown alleges that the Board of Veterans Appeals was negligent when it issued a January 27, 2021 decision denying her benefits. (Dkt. No. 1 at 9.) Ms. Brown alleges that she established that she is owed benefits but that the Board "dismissed [her] case illegally when the case did not lack merit or jurisdiction." (*Id.* at 5.) She seeks "[over] $1.9 trillion dollars" in damages. (*Id.*)

These allegations fail to state a claim upon which relief may be granted, and the damages allegations are frivolous. Ms. Brown does not allege facts showing that the Board was negligent, nor does she make allegations showing that the Court has jurisdiction to hear an appeal from the

Board's decision denying her benefits. Nor does she explain why she is entitled to $1.9 trillion in damages. Accordingly, the Court must DISMISS the complaint. However, the Court dismisses the complaint without prejudice and with leave to amend. If Ms. Brown chooses to file an amended complaint, she must do so within 14 days of the date of this order. Any amended complaint must tell the Court: (1) the laws or statutes upon which her claims are based, (2) what facts support each of the alleged violations of law, (3) what specific injury she suffered because of each alleged violation and how those injuries resulted in the amount of damages she seeks, and (4) why venue is proper in the United States District Court for the Western District of Washington.

DATED this 17th day of March 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE