THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CECILE A. BROWN,<br><br>                Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>                Defendants. | CASE NO. C21-0287-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Cecile Brown's motion to disqualify (Dkt. No. 19). Having reviewed the motion and the relevant record, the undersigned hereby DECLINES to recuse voluntarily and REFERS the motion to Chief Judge Martinez in accordance with Local Civil Rule 3(f).

**I.    BACKGROUND**

Ms. Brown's motion to proceed *in forma pauperis* was granted on March 15, 2021. (*See* Dkt. No 5.) Two days later, the Court dismissed the complaint without prejudice under 28 U.S.C. § 1915(e)(2) because it failed to state a claim upon which relief could be granted and because Ms. Brown's request for $1.9 trillion dollars in damages was frivolous. (*See* Dkt. No. 12). Later that night, Ms. Brown filed a "statement" and a first amended complaint. (*See* Dkt. Nos. 13, 14.) The next day, she filed a second amended complaint. (*See* Dkt. No. 15.) That was a Thursday. By the following Tuesday, it had come to the Court's attention that Ms. Brown had been calling

1 the Clerk's Office, the Courtroom Deputy, and Chambers multiple times each day, apparently in an effort pressure the Clerk's Office to issue a summons. (*See* Dkt. No. 18 at 1.) The Court entered an order explaining that the Clerk's Office would not issue a summons until the Court completed its § 1915 review and that, as noted in Local Civil Rule 7(b)(5), the Court generally endeavors to complete § 1915 reviews within 30 days. (*See id.*) The Court also ordered Ms. Brown to stop calling the Clerk's Office, the Courtroom Deputy, or Chambers "to request the issuance of a summons or for the purpose of checking on the status of the Court's § 1915 review until" at least 30 days after her amended complaint was filed. (*Id.* at 2.)

Later that evening, Ms. Brown moved to disqualify the undersigned based on alleged "personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts," and because of the undersigned's alleged "refus[al] to decide the case timely and forcing plaintiff to wait several weeks for a decision when the Judge knows case is granted by law and . . . when the government has stolen from plaintiff." (Dkt. No. 19.)

## II.  LEGAL STANDARD

A federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §§ 455(a), (b)(1). A judge must disqualify under these provisions if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014) (quoting *Persnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008)). "Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned." *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985). "Conclusory statements" or a party's "unsupported beliefs and assumptions" do not require a judge to recuse. *Id.*

//

### III. DISCUSSION

The primary basis for Ms. Brown's recusal motion is that the Court ordered her to temporarily stop calling the Clerk's Office, the Courtroom Deputy, and Chambers to check on the status of the Court's § 1915 review after the Court learned she had been calling multiple times per day every day since filing her amended complaint. That is not a valid basis for the undersigned to recuse. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Recusal is only warranted if rulings are based on extrajudicial 'knowledge that the [judge] ought not to possess' or 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *Blixseth*, 742 F.3d at 1220 (quoting *Likety*, 510 U.S. at 550, 555). Here, the Court's order does not reveal a high degree of antagonism that makes fair judgment impossible, nor is it based on extrajudicial knowledge that the Court ought not possess. Ms. Brown called Court staff multiple times per day every day after her amended complaint was filed demanding that the Court accelerate its § 1915 review and issue a summons. Since the purpose of those calls was to pressure the Court to issue a decision more quickly, Ms. Brown cannot credibly argue that the Court ought not know about those calls. Therefore, the Court DECLINES to recuse voluntarily on this basis.

Ms. Brown's assertion that the undersigned has "personal knowledge of disputed evidentiary facts concerning the proceeding" is a conclusory statement, unsupported by any specific factual allegations, that is not sufficient to require the undersigned to recuse. Ms. Brown is a resident of Louisiana and her lawsuit is based on adverse benefits determination from the Board of Veterans Appeals in Washington, D.C. (*See* Dkt. No. 1 at 1–4.) She does not provide any factual basis for her assertion that the undersigned has personal knowledge related to that proceeding. Therefore, the Court DECLINES to recuse voluntarily on that basis.

Finally, Ms. Brown's allegation that the undersigned "refus[es] to decide the case timely and [is] forcing plaintiff to wait several weeks for a decision when the Judge knows case is granted by law," (Dkt. No. 19), is meritless. As explained in the Court's previous order and in

Local Civil Rule 7(b)(5), the Court endeavors to decide *all* motions within 30 days of the date they are ready for the Court's consideration. In many cases, the Court requires more than 30 days to decide a motion. Thus, the Court has not treated Ms. Brown's case differently than the mine run of cases. That Ms. Brown would prefer the Court to issue a decision within days of her filing her amended complaint is not a basis for recusal. Therefore, the Court DECLINES to recuse voluntarily on that basis.

IV.     **CONCLUSION**

Having reviewed the motion and the relevant record, the Court hereby DECLINES to recuse voluntarily and REFERS the motion to Chief Judge Martinez in accordance with Local Civil Rule 3(f). The Court's § 1915 review of Ms. Brown's amended complaint is STAYED until Judge Martinez issues a decision on the recusal motion.

DATED this 15th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE