1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CECILE A. BROWN,

              Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

              Defendants.

CASE NO. C21-0287-JCC

ORDER ON REVIEW OF MOTION
FOR RECUSAL

      This matter is before the Court on Plaintiff Brown's Motion to disqualify the Honorable Judge Coughenour.  Dkt. #19.  Judge Coughenour declined to recuse himself and, in accordance with this Court's Local Civil Rules, the matter was referred to the Undersigned for review.  Dkt. #24; LCR 3(f).  After Judge Coughenour ruled on this Motion, Plaintiff filed a statement requesting to withdraw the Motion to Disqualify.  Dkt. #25.  By this point, the Motion had already been referred to the undersigned judge, who now determines that withdrawal is not permitted after a Motion has been ruled on and that in any event no delay has occurred and the case can proceed immediately with this ruling.

      A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned."  28 U.S.C. § 455(a).  Federal judges also shall

disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

The Court has reviewed the instant Motion and agrees with Judge Coughenour's analysis:

> The primary basis for Ms. Brown's recusal motion is that the Court ordered her to temporarily stop calling the Clerk's Office, the Courtroom Deputy, and Chambers to check on the status of the Court's § 1915 review after the Court learned she had been calling multiple times per day every day since filing her amended complaint. That is not a valid basis for the undersigned to recuse…. Ms. Brown called Court staff multiple times per day every day after her amended complaint was filed demanding that the Court accelerate its § 1915 review and issue a summons. Since the purpose of those calls was to pressure the Court to issue a decision more quickly, Ms. Brown cannot credibly argue that the Court ought not know about those calls.

Dkt. #24 at 3. The alleged bias is not extrajudicial and does not constitute a reasonable basis to question Judge Coughenour's impartiality. Plaintiff Brown has failed to set forth any support for her assertion that Judge Coughenour has personal knowledge of the disputed evidentiary facts. The record appears to show that Judge Coughenour is processing this case in a timely fashion.

1          Accordingly, the Court finds and ORDERS that Judge Coughenour's Order (Dkt. #24)

2    declining to recuse himself is AFFIRMED.

3          DATED this 19th day of April, 2021.

4

5                                        _____
                                         RICARDO S. MARTINEZ
6                                        CHIEF UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24