THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CECILE A. BROWN,

                              Plaintiff,

        v.

UNITED STATES OF AMERICA, *et al.*,

                              Defendants.

CASE NO. C21-0287-JCC

ORDER

This matter comes before the Court *sua sponte*. Plaintiff Cecile Brown seeks to appeal a Board of Veterans Appeals decision regarding veterans' benefits or requests that the Court issue a writ of mandamus ordering the Board to issue a different decision on the timeline she requests. Having reviewed Ms. Brown's complaint and the relevant record pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court concludes that it lacks jurisdiction to entertain Ms. Brown's claims and therefore DISMISSES the complaint without prejudice and without leave to amend.

I.      BACKGROUND

Ms. Brown received a decision from the Board of Veterans Appeals on July 17, 2020 with which she disagrees. (*See* Dkt. No. 1-3 at 3–4.) In response, Ms. Brown sent the Board a letter expressing her disagreement with the decision. (*Id.*) On January 27, 2021, Kimberly Osborne, Deputy Vice Chairman of the Board of Veterans Appeals, construed Ms. Brown's letter as a motion for reconsideration and issued a letter ruling denying the motion because the issues

1   Ms. Brown raised in her letter were not presented to the Board at the time of its decision. (*Id.* at

2   4.) The letter also informed Ms. Brown that she could file a new claim or move to reopen her

3   claim and submit new evidence through her local VA regional office. (*Id.*) Ms. Brown apparently

4   sent another letter to the Board on February 5, 2021. (*Id.* at 5.) On February 8, 2021, the Board

5   wrote back, explaining that because the Board had already issued a decision and denied her

6   motion for reconsideration, "the Board can take no further action on this matter." (*Id.*) The letter

7   directed Ms. Brown back to the New Orleans regional office and to the portion of the Board's

8   opinion entitled, "Your Rights to Appeal Our Decision." (*Id.*)

9           It does not appear that Ms. Brown took advantage of her appeal rights. Instead, she

10   filed the instant suit in which her chief complaint is that the Board "illegally dismiss[ed] [her]

11   case when the case did not lack merit or jurisdiction." (Dkt. No. 1 at 5.) Ms. Brown alleges that

12   the Board's erroneous decision was "negligent behavior" and that the Board's refusal to award

13   her benefits was "a form of carelessness." (*Id.* at 9.) She seeks "[o]ver $1.9 [t]rillion [d]ollars" in

14   damages. (*Id.* at 6.) Ms. Brown also requests that the Court "command the United States of

15   America Board of Veteran Appeals to please release the correct decision . . . and all benefits

16   won." (Dkt. No. 1-6 at 3.)

17           The Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without

18   prejudice because it failed to state a claim upon which relief could be granted, her request for

19   $1.9 trillion in damages was frivolous, and venue is not proper in this Court. (Dkt. No. 12.) In

20   response, Ms. Brown filed a "statement" (Dkt. No. 13) and two copies of an amended complaint

21   (Dkt. Nos. 14, 15). They did not cure the deficiencies. At bottom, Ms. Brown seeks to appeal the

22   Board's decision or for this Court to issue a writ of mandamus "ordering BVA to send final

23   disposition decision and all money owed," and the Court lacks jurisdiction to do so. (Dkt. No. 14

24   at 6.)

25   **II.     DISCUSSION**

26           The Court must dismiss an *in forma pauperis* complaint if it fails to state a claim upon

ORDER
C21-0287-JCC
PAGE - 2

which relief may be granted or if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "In cases involving benefits owed to veterans, Congress has created a scheme conferring exclusive jurisdiction over claims affecting veterans' benefits to some federal courts, while denying all other federal courts any jurisdiction over such claims." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020 (9th Cir. 2012). This Court does not have jurisdiction to hear appeals regarding veterans' benefits. *Littlejohn v. United States*, 321 F.3d 915, 921 (9th Cir. 2003) ("[T]he Federal Circuit [is] the only Article III court with jurisdiction to hear challenges to VA determinations regarding disability benefits."); *see also* 38 U.S.C. § 7292(c). A party seeking to appeal a decision of the Board of Veterans Appeals must first appeal to the Court of Appeals for Veterans Claims, 38 U.S.C. § 7252(a), and then to the Court of Appeals for the Federal Circuit, 38 U.S.C. § 7292(c).

This Court also lacks jurisdiction to issue a writ of mandamus "ordering BVA to send final disposition decision and all money owed." (Dkt. No. 14 at 6.) When it comes to veterans' benefits, "the decision of the Secretary [is] final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a).

### III.    CONCLUSION

For the foregoing reasons, and because amendment would be futile, the Court DISMISSES the complaint without prejudice and without leave to amend. If Ms. Brown seeks further review of the Board's decision, she must seek it in the United States Court of Appeals for Veterans Claims.

//

//

//

ORDER
C21-0287-JCC
PAGE - 3

DATED this 21st day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE